UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINN G. ALEXANDER,

       Plaintiff

v.

NATIONWIDE CREDIT, INC.,

       Defendant.
_____/

Case No. 2:21-cv-12969
*District Judge Victoria A. Roberts*
*Magistrate Judge Anthony P. Patti*

## INITIAL SCHEDULING ORDER

**A.**   **Introduction**

This lawsuit alleges violations of the Fair Debt Collection Practices Act (FDCPA) and the Michigan Occupational Code. (ECF No. 1.) Defendant filed an answer on March 8, 2022. (ECF No. 10.)

Recently, the parties – each represented by counsel – filed a joint discovery plan. (ECF No. 15.) Although a scheduling conference was noticed for May 19, 2022, it has since been cancelled and Judge Roberts has referred the case to me for pretrial matters, excluding dispositive motions. (ECF Nos. 12, 16.) Pursuant to Fed. R. Civ. P. 16(b)(1)(A), the Court opts to dispense with holding a Rule 16 conference at this time, finding that the Joint Discovery Plan adequately covers the issues that would have been addressed at such a conference.

It is now appropriate to enter a scheduling order.

1

B. **Initial Scheduling Order**

Consistent with the joint discovery plan, the Court establishes the following schedule in accordance with Federal Rule of Civil Procedure 16(b):

| **YOU MAY RECEIVE NO FURTHER NOTICE OF THESE DATES** ||
| --- | --- |
| **EVENT/ITEM** | **DEADLINE** |
| Amendment of pleadings | **June 27, 2022** |
| Discovery Cut-off (completion) | **September 23, 2022** |
| Settlement conference | **October 4, 2022 at 1:30 p.m.** |
| Dispositive motions | **November 23, 2022** |
| Expert disclosures | In accordance with Fed. R. Civ. P. 26(a)(2) |
| Final Pretrial Conference | To be determined |
| Trial | To be determined |

The parties are also advised of the following:

I. All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

II. Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

III. DISCOVERY.  Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery.  Parties may agree to extend the deadlines by submitting a

joint motion with a proposed order to the Court for consideration. The extension should not affect the other scheduled dates.

IV. DISPOSITIVE MOTIONS. No party may file more than one motion for summary judgment without obtaining leave of court.

In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment. Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[1]

The full text of any source cited should be filed with the Court in a Fact Appendix. The Fact Appendix shall contain an index, followed by the tabbed exhibits. Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab. The Statement of Material Facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file: 1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which

---

[1] Examples of movant's separate material factual statements:

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. (DE 34-7 at 10.)

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. (DE 34-9 at 32.)

facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[2] Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

V. ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion, and in conformance with the local rules and guidelines, may not be permitted to argue before the Court during oral argument.

---

[2] Examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (DE 34-7 at 12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (DE 34-9 at 14.)

**IT IS SO ORDERED.**

Dated:  May 17, 2022

                                      ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE